### SAMUEL M. DICKINSON

*v.*

### THE CITY OF TRENTON.

1. A second encumbrancer cannot compel the holder of a first lien to redeem the second, or be foreclosed.

2. The actions of debt limited by the statute of limitations are those only growing out of contract, or such as are given by statute for the enforcement of penalties.

3. Where an action of debt is given for the enforcement of an assessment made for special and peculiar benefits, and the assessment is made a lien on the land benefited, a failure to sue for six years after the right of action accrues, neither bars the action nor extinguishes the lien, unless the statute authorizing the assessment so provides.

Dickinson v. City of Trenton.

On demurrer.

*Mr. William L. Dayton,* for demurrant.

*Mr. S. Meredith Dickinson, contra.*

VAN FLEET, V. C.

The questions presented for consideration in this case arise under the charter of the city of Trenton.

The complainant acquired title to the land in question under the foreclosure of a mortgage bearing date November 30th, 1872. Title was made to him September 28th, 1878. An assessment for special and peculiar benefits was made against the land in controversy for part of the cost of a local improvement, on the 17th of August, 1869. The statute under which this assessment was made declared that any assessment made by virtue of it should be a lien on the land against which it was assessed, for the satisfaction of any judgment which might be obtained on the assessment; and it also provided that the payment of the assessment might be enforced by an action of debt in any court of competent jurisdiction. *P. L. of 1866 p. 399 § 80.* By a subsequent statute, the city of Trenton was authorized to make sale, for a term not exceeding fifty years, of any land against which an assessment had been made under the act of 1866, and which remained unpaid. *P. L. of 1874 p. 373 § 83.* The lands in question were, on the 15th of April, 1878, sold to the city of Trenton for a term of fifty years, under the statute last cited.

The suit in which the decree was made under which the complainant acquired his title, was commenced March 31st, 1876, and final decree was made therein June 26th, 1876. The city of Trenton was made a party defendant to that suit, in consequence of the levy of certain taxes on the lands in question, but not, so far as the present bill shows, because of the assessment now sought to be brought in judgment. The present bill does not show that the assessment now under consideration was in

27

any way questioned or even alluded to in the bill by which that suit was commenced.

The purpose of the present suit is to compel the defendants to redeem the mortgage under which the complainant acquired title, or to be foreclosed of all right to or equity of redemption in the lands in question. The defendants have demurred, and thus the question is presented—do the facts just recited entitle the complainant to the relief he asks ?

I know of no rule of law or equity which entitles a second encumbrancer to call upon the holder of the first to redeem the second or to be foreclosed. There can be no doubt, I think, that the assessment is a lien. The statute under which it was made makes it so by express words. I think it is equally clear that it is prior, in point of time, to the mortgage under which the complainant holds. It was made more than three years before the mortgage was executed. The method provided, originally, for its enforcement, was an action of debt. No action was brought to enforce the assessment within six years after it was made ; no suit has been brought at any time ; hence, the complainant contends that not only has the right of action been lost, but the lien is also extinguished. I cannot accept either conclusion as correct. The actions of debt limited by the statute are those only growing out of contract, or such as are given by statute for the enforcement of penalties. An assessment of the kind under consideration is neither a debt nor a penalty. While it is not, in the ordinary sense of that term, a tax, yet it is the result of the exercise of the power of taxation. The statute of limitations contains no provision expressly limiting the period within which actions shall be brought to enforce such impositions, and, it is said, the period within which they may be brought is usually fixed by analogy, the time limited being that fixed by statute within which mortgage and judgment liens may be enforced. *Cooley on Taxation 488.* There can be no question, I think, that the assessment is a valid lien, and stands first in order of priority as between it and the mortgage under which the complainant holds.

Liens of this kind, being fastened upon the land by statute,

Cape May and Schellenger's Landing R. R. Co. *v.* City of Cape May.

adhere to the land against all persons subsequently acquiring either title or liens. The lien follows the land into whose hands soever it may fall, regardless of the fact whether they take with or without notice. Notice of the existence of the lien is wholly unessential to its validity against a subsequent owner or encumbrancer. *Cooley on Taxation 488.*

The lien of the defendants being superior to that of the complainant, he has no right to ask that they be required to redeem his or be foreclosed.

The demurrer must be sustained, with costs.